**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000398
29-JUN-2018
09:10 AM**

NOS. CAAP-17-0000398, CAAP-18-0000305,
CAAP-18-0000431 AND CAAP-18-0000519

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-17-0000398**
STATE OF HAWAIʻI,
Plaintiff-Appellee,
v.
ALFRED NAPAHUELUNA SPINNEY,
Defendant-Appellant,

AND

**CAAP-18-0000305**
STATE OF HAWAIʻI,
Plaintiff-Appellee,
v.
ALFRED NAPAHUELUNA SPINNEY,
Defendant-Appellant,

AND

**CAAP-18-0000431**
STATE OF HAWAIʻI,
Plaintiff-Appellee,
v.
ALFRED NAPAHUELUNA SPINNEY,
Defendant-Appellant,

AND

CAAP-18-0000519
STATE OF HAWAI'I,
Plaintiff-Appellee,
v.
ALFRED NAPAHUELUNA SPINNEY,
Defendant-Appellant,


APPEALS FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DCW-17-0001047)


ORDER
CONSOLIDATING CASE NUMBERS CAAP-17-0000398,
CAAP-18-0000305, CAAP-18-0000431 AND
CAAP-18-0000519 UNDER CASE NUMBER CAAP-17-0000398
AND
DISMISSING CONSOLIDATED APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Upon review of the record of district court criminal case number 3DCW-17-0001047 for resulting appeals in appellate court case numbers CAAP-17-0000398, CAAP-18-0000305, CAAP-18-0000431 and CAAP-18-0000519, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016). In these four appeals, Defendant-Appellant Alfred Napahueluna Spinney (Spinney), pro se, appeals from the Honorable Margaret Masunaga's April 27, 2017 interlocutory order, March 29, 2018 interlocutory order, April 2, 2018 interlocutory order, and May 23, 2018 judgment dismissing with prejudice Plaintiff-Appellee State of Hawaii's complaint against Spinney for criminal contempt of court in violation of HRS § 710-1077 (2014 & Supp. 2017). Under these circumstances, the consolidation and dismissal of these four appeals is warranted.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) is the statute providing that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district

courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawaiʻi 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawaiʻi Rules of Penal Procedure; State v. Kilborn, 109 Hawaiʻi 435, 442, 127 P.3d 95, 102 (App. 2005) (regarding the appealability of a district court judgment of conviction); State v. Hern, 133 Hawaiʻi 59, 62, 323 P.3d 1241, 1244 (App. 2013) (regarding the appealability of a district court judgment dismissing the complaint without prejudice).

In the instant four appeals, the April 27, 2017 order, the March 29, 2018 order, the April 2, 2018 order and the May 23, 2018 judgment of dismissal with prejudice are not independently appealable under HRS § 641-12. In addition, the May 23, 2018 judgment dismissing the State's complaint with prejudice in district court criminal number 3DCW-17-0001047 appears to have rendered moot all four of Spinney's appeals.

> A case is moot where the question to be determined is abstract and does not rest on existing facts or rights. . . . Hence, the mootness doctrine is properly invoked where events have so affected relations between the parties that the two conditions for justiciability relevant on appeal — adverse interest and effective remedy — have been compromised.

State v. Durham, 125 Hawaiʻi 114, 127, 254 P.3d 425, 438 (2011) (citation, internal quotation marks, and brackets omitted). "Thus, a case is moot if the reviewing court can no longer grant effective relief." State v. Tui, 138 Hawaiʻi 462, 468, 382 P.3d 274, 280 (2016) (citation, internal quotation marks, and brackets omitted). "Appellate courts generally do not decide moot questions." State v. Kiese, 126 Hawaiʻi 494, 508, 273 P.3d 1180, 1194 (2012). We lack appellate jurisdiction over all four appeals.

Therefore, IT IS HEREBY ORDERED that appellate court case numbers CAAP-17-0000398, CAAP-18-0000305, CAAP-18-0000431 and CAAP-18-0000519 are consolidated under appellate court case

3

number CAAP-17-0000398.  The appellate court clerk shall file a copy of this order in appellate court case numbers CAAP-17-0000398, CAAP-18-0000305, CAAP-18-0000431 and CAAP-18-0000519.

IT IS FURTHER HEREBY ORDERED that the consolidated appeals in appellate court case number CAAP-17-0000398 are dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, June 29, 2018.

Chief Judge

Associate Judge

Associate Judge

4